IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SIDEEQUH L. SHAW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:15-cv-0877-MHC-RGV |
| v. ) | |
| ) | |
| CONVERGYS CORPORATION ) | |
| d/b/a ENCORE RECEIVABLE ) | |
| MANAGEMENT, INC., and ) | |
| SYNCHRONY BANK, ) | |
| ) | |
| Defendants. ) | |

## ANSWER

Defendant Synchrony Bank, formerly known as GE Capital Retail Bank ("Synchrony"), by and through its undersigned counsel, answers the Complaint of Plaintiff Sideequh L. Shaw ("Plaintiff") and states as follows:

### Nature of This Action

1. Synchrony denies the allegations in this paragraph and further denies that Plaintiff is entitled to any relief whatsoever. As to the allegations directed the other defendants, Synchrony lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph. To the extent a response is required, Synchrony denies the same.

## Jurisdiction and Venue

2. Synchrony admits that Plaintiff purports to bring this action under federal law. The remaining allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Synchrony denies the same.

3. Synchrony lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph. To the extent a response is required, Synchrony denies the same.

## Parties

4. Synchrony lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph. To the extent a response is required, Synchrony denies the same.

5. Synchrony lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph. To the extent a response is required, Synchrony denies the same.

6. Synchrony denies that it is a corporation but states that is a federal savings association headquartered in Draper, Utah.

7. Synchrony lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph. To the extent a response is required, Synchrony denies the same.

### Allegations Applicable to All Counts

8. Plaintiff does not include any allegations in this paragraph. As such, no response is required. To the extent a response is required, Synchrony denies the same.

9. Plaintiff does not include any allegations in this paragraph. As such, no response is required. To the extent a response is required, Synchrony denies the same.

10. Plaintiff does not include any allegations in this paragraph. As such, no response is required. To the extent a response is required, Synchrony denies the same.

11. Plaintiff does not include any allegations in this paragraph. As such, no response is required. To the extent a response is required, Synchrony denies the same.

12. Synchrony lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph. To the extent a response is required, Synchrony denies the same.

13. Synchrony lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph. To the extent a response is required, Synchrony denies the same.

14. Synchrony lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph. To the extent a response is required, Synchrony denies the same.

15. Synchrony lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph. To the extent a response is required, Synchrony denies the same.

16. Synchrony lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph. To the extent a response is required, Synchrony denies the same.

17. Synchrony denies the allegations in this paragraph.

18. Synchrony lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph. To the extent a response is required, Synchrony denies the same.

19. Synchrony lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph. To the extent a response is required, Synchrony denies the same.

20. The allegations in this paragraph constitute a conclusion of law to which no response is required. To the extent a response is required, Synchrony denies same.

21. The allegations in this paragraph constitute a conclusion of law to which no response is required. To the extent a response is required, Synchrony denies same.

22. Synchrony lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph. To the extent a response is required, Synchrony denies the same.

## Count I
## Violations of the FDCPA 15 U.S.C. § 1692, et. seq.

23. Synchrony incorporates by reference the responses to paragraphs 1-22.

24. Synchrony denies the allegations in this paragraph. As to the allegations directed at another defendant, Synchrony lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph. To the extent a response is required, Synchrony denies the same.

25. Synchrony denies the allegations in this paragraph. As to the allegations directed at another defendant, Synchrony lacks knowledge or

information sufficient to form a belief as to the allegations of this paragraph. To the extent a response is required, Synchrony denies the same.

26. Synchrony denies the allegations in this paragraph. As to the allegations directed at another defendant, Synchrony lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph. To the extent a response is required, Synchrony denies the same.

27. Synchrony denies the allegations in this paragraph. As to the allegations directed at another defendant, Synchrony lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph. To the extent a response is required, Synchrony denies the same.

28. Synchrony denies the allegations in this paragraph. As to the allegations directed at another defendant, Synchrony lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph. To the extent a response is required, Synchrony denies the same.

29. Synchrony denies the allegations in this paragraph. As to the allegations directed at another defendant, Synchrony lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph. To the extent a response is required, Synchrony denies the same.

## **Count II**

## Violations of the Georgia Fair Business Practices Act, O.C.G.A. § 10-1-390, et seq.

30. Synchrony incorporates by reference the responses to paragraphs 1-29.

31. Synchrony lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph. To the extent a response is required, Synchrony denies the same.

32. Synchrony lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph. To the extent a response is required, Synchrony denies the same.

33. Synchrony denies the allegations in this paragraph.  As to the allegations directed at another defendant, Synchrony lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph. To the extent a response is required, Synchrony denies the same.

34. Synchrony lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph. To the extent a response is required, Synchrony denies the same.

35. Synchrony denies the allegations in this paragraph.  As to the allegations directed at another defendant, Synchrony lacks knowledge or

information sufficient to form a belief as to the allegations of this paragraph. To the extent a response is required, Synchrony denies the same.

## Count III
## Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq.

36. Synchrony incorporates by reference the responses to paragraphs 1-35.

37. Synchrony denies the allegations in this paragraph. As to the allegations directed at another defendant, Synchrony lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph. To the extent a response is required, Synchrony denies the same.

38. Synchrony denies the allegations in this paragraph. As to the allegations directed at another defendant, Synchrony lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph. To the extent a response is required, Synchrony denies the same.

39. Synchrony denies the allegations in this paragraph. As to the allegations directed at another defendant, Synchrony lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph. To the extent a response is required, Synchrony denies the same.

40. Synchrony lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph. To the extent a response is required, Synchrony denies the same.

41. Synchrony lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph. To the extent a response is required, Synchrony denies the same.

42. Synchrony denies the allegations in this paragraph and further denies that Plaintiff is entitled to any damages. As to the allegations directed at another defendant, Synchrony lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph. To the extent a response is required, Synchrony denies the same.

43. Synchrony denies the allegations in this paragraph and further denies that Plaintiff is entitled to any damages. As to the allegations directed at another defendant, Synchrony lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph. To the extent a response is required, Synchrony denies the same.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1. Plaintiff fails to state a claim against Synchrony upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

2. Plaintiff's claims may be barred in whole or in part by the applicable statutes of limitations.

THIRD AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

3. Plaintiff failed to take proper and reasonable steps to avoid, minimize, or mitigate Plaintiff's alleged damages and, to the extent of such failure, the damages allegedly incurred by Plaintiff, if any, should be reduced accordingly or eliminated entirely.

FOURTH AFFIRMATIVE DEFENSE

(Unclean Hands)

4. Plaintiff's claims are barred by the doctrine of unclean hands.

FIFTH AFFIRMATIVE DEFENSE

(Fault of Others)

5. If Plaintiff suffered or sustained any loss, injury, damage, or detriment, the same was directly and proximately caused and contributed to by the breach,

conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct or intervening acts of others, and not by Synchrony.

SIXTH AFFIRMATIVE DEFENSE

(Bona Fide Error)

6. Although Synchrony denies any liability in this matter, Synchrony contends that any alleged acts or omissions of Synchrony giving rise to Plaintiff's claims are the result of innocent mistake and/or bona fide error despite reasonable procedures implemented by Synchrony. Synchrony acted in a reasonable manner in connection with the transaction at issue in this action.

SEVENTH AFFIRMATIVE DEFENSE

(Good Faith Conduct)

7. Synchrony at all times acted in good faith and in accordance with reasonable commercial standards, thus precluding any recovery by Plaintiff against Synchrony.

EIGHTH AFFIRMATIVE DEFENSE

(Lack of Causation)

8. The damages complained of were the result of the intervening actions of others and were not proximately caused by the actions or omissions of Synchrony.

NINTH AFFIRMATIVE DEFENSE

(Lack of Malice)

9. Synchrony specifically denies acting with any willfulness, oppression, fraud, or malice towards Plaintiff or others.

## TENTH AFFIRMATIVE DEFENSE

(Lack of Standing)

10. Plaintiff's claims are barred because Plaintiff lacks standing to bring them.

## ELEVENTH AFFIRMATIVE DEFENSE

(Consent)

11. Plaintiff's claims are barred because Plaintiff consented to any alleged conduct in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

(Prior Express Consent)

12. Although Synchrony denies any liability or wrongdoing alleged in the Complaint, Plaintiff's TCPA claim would also be barred because Plaintiff gave prior express consent to Synchrony to contact Plaintiff on her cellular phone.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Arbitration)

13. The claims in this action relate to the Plaintiff's Synchrony CareCredit-branded account as to which the operative GE Capital Retail Bank Credit Card Account Agreement between the parties has a valid and enforceable arbitration clause.  Plaintiff's claims are required to be submitted to arbitration.

## OTHER DEFENSES

14. Synchrony has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, defenses available.  Synchrony expressly reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

WHEREFORE, Defendant Synchrony requests judgment in its favor dismissing the Complaint against it, awarding it attorneys' fees and costs incurred in defending the action and such other and further relief as the Court deems appropriate and just.

Respectfully Submitted,

Dated: June 8, 2015

REED SMITH LLP

  */s/ Joseph M. Toner*
Joseph M. Toner
Reed Smith LLP
1301 K. Street NW
Suite 1000 – East Tower

        Washington, D.C. 20005
        202-414-9264
        jtoner@reedsmith.com

*Attorneys for Synchrony Bank*